UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM GHORBANIAN, D.D.S.,<br><br>       Plaintiff,<br><br>  v.<br><br>GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA, *et al.*,<br><br>      Defendants. | Case No. C14-1396RSM<br><br>ORDER GRANTING IN PART<br>DEFENDANTS' MOTION TO COMPEL<br>DISCOVERY |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendants' Motion to Compel Additional Responses to Document Requests. Dkt. #38. Defendants seek an Order compelling Plaintiff to produce complete responses to 52 pending document requests. *Id.* Plaintiff argues that the majority of motion is moot because he has fully responded to the requests, with the exception of certain electronically-stored documents which remain in dispute. Dkt. #41. For the reasons set forth herein, the Court now GRANTS IN PART Defendants' motion.

## II.   BACKGROUND

Plaintiff practiced dentistry in Washington State from 1998 until 2012, when he moved to California. Dkt. #15 at 2. Shortly after beginning his practice in Washington, Defendants issued two disability policies (the "Policies") to Plaintiff, which are at issue in this case. The initial Guardian policy was issued on February 23, 2001, with two Physical Impairment Riders,

ORDER
PAGE - 1

containing certain exclusions from coverage.  Dkt. #32 at 2.  The first rider excluded "losses resulting from impairment of the cervical spine or cervical nerve roots," and the second rider excluded "losses resulting from disorders of the right shoulder."  However, the policy permitted Plaintiff to apply for the cancellation of both riders if he received no health care services for the conditions specified in them for five years after issuance, and if a physician selected by Guardian agreed in writing that a full medical recovery had occurred.  *Id.*  The five-year waiting period was reduced to one year following the merger of Guardian and Berkshire in July 2001.  *Id.* at 3.

Accordingly, on or around February 11, 2002, Plaintiff requested the removal of the exclusions and stated in his application that he had "not been treated or seen by any physician, acupuncturist, naturopath, or physician for any condition related to neck back or spine, shoulder."  *Id.* at 2-3.  Defendants granted Plaintiff's request on March 11, 2002, and removed the riders/exclusions.  *Id.* at 3.  Plaintiff subsequently applied for a second disability policy from Berkshire.  *Id.* at 4.  The Berkshire policy, mirroring the Guardian policy, did not contain the riders/exclusions.  *Id.*

Plaintiff alleges in this lawsuit that he was involved in an automobile accident in Washington in June 2002.  Dkt. #1, Ex. A at A-5, ¶ 11.  Afterward, Plaintiff was treated in Bellevue, Burien, and Issaquah, Washington.  Dkt. #15 at 2.  Plaintiff was allegedly involved in a second automobile accident in June 2005.  Dkt. #1, Ex. A at A-5, ¶ 12.  Subsequently, Plaintiff had surgery in Seattle, followed by physical therapy in Redmond, Washington.  Dkt. #15 at 2.  In 2011, Plaintiff submitted a disability claim based on the injuries he sustained from his auto accidents.  Dkt. #1, Ex. A at A-5, ¶ 13.

On or around April 14, 2012, Defendants denied Plaintiff's claim on the basis that "he was not considered totally disabled from his pre disability occupational duties" because his "pre disability occupation was an executive and owner of dental practices rather than a practicing dentist."  Dkt. #1, Ex. A at A-6, ¶ 16.  The instant law suit followed, alleging a variety of claims, including breach of duty of good faith and fair dealing and breach of contract. Dkt. #1, Ex. A.

On or about January 21, 2015, Defendants served their first set of requests for production on Plaintiff.  Dkt. #39, Ex. A.  The instant motion now seeks an Order compelling Plaintiff to fully respond to RFP Nos. 1-6, 11-15, 17-38, 40-43, 45-47, 49-56, 58, 60, 61 and 63.

## III.   DISCUSSION

### A.  Legal Standard

Under Federal Rule of Civil Procedure 26 (b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)(quoting 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).  "At the same time, discovery, like all matters of procedure, has ultimate and necessary boundaries.  Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)."  *Id.*, at 351-352.

ORDER
PAGE - 3

**B.  Electronically Stored Information**

The Court first addresses the parties' arguments with respect to electronically stored information ("ESI").  Defendants have moved the Court for an Order compelling Plaintiff to produce emails and other ESI responsive to their requests for production.  Dkt. #38 at 10-20. Plaintiff does not deny that responsive ESI exists.  Instead, Plaintiff argues that Defendants' requests for all electronic communications from Plaintiff are an invasion of privacy, violate HIPAA, are burdensome and costly, and are duplicative of other requests and information received in this case.  Dkt. #41 at 2.

The Court is not persuaded by Plaintiff's arguments.  First, this Court specifically provides practices for the discovery of electronic information and, in particular, discovery of email communications.  Indeed, this Court's Local Rules specifically contemplate that the parties will discuss the following prior to engaging in discovery:

(i)     the nature, location, and scope of ESI to be preserved by the parties;

(ii)    the formats for production of ESI (whether TIFF with a companion text file, native, or some other reasonably usable format);

(iii)   methodologies for identifying relevant and discoverable ESI for production, including:

(a) methods for identifying an initial subset of sources of ESI that are most likely to contain the relevant and discoverable information as well as methodologies for culling the relevant and discoverable ESI from that initial subset;

(b) identifying the custodians and non-custodial data sources, including all third party data sources, most likely to have discoverable information;

(c) any plans to filter data based on file type, date ranges, sender, receiver, custodian, search terms, or other similar parameters; and

(d) the use of any computer- or technology-assisted review, including any plans to use keyword searching, mathematical or thesaurus based topic or concept clustering, or other advanced culling technologies.

ORDER
PAGE - 4

    (iv)    whether ESI stored in a database or a database management system can be identified and produced by querying the database for discoverable information, resulting in a report or a reasonably usable and exportable electronic file for review by the requesting counsel or party.

    (2)    The attorneys for each party shall review and understand how their client's data and ESI are stored and retrieved before the Rule 26(f) conference and before any meet and confer discussions related to the production of ESI in order to determine what issues must be addressed during those discussions. To satisfy this requirement, the attorney may choose to include in the Rule 26(f) conference and/or meet and confer discussion a paralegal, information technology specialist, or other person with knowledge about how the client's data and ESI are stored and retrieved.

LCR 26(f)(1)(J) and (2).[1]  None of this is addressed by Plaintiff in his briefing.  Plaintiff does not explain any efforts to search or identify electronic information, to filter such information, or to otherwise attempt to locate and produce responsive ESI.  Likewise, Plaintiff fails to explain how such steps would be unduly burdensome or expensive.

Further, Plaintiff's objections to ESI would have been properly brought as specific objections to individual discovery requests.  It does not appear that Plaintiff did so.  In any event, such objections would be waived at this time, as they were not timely raised or served on Defendants.  However, it appears Defendants have conceded that Plaintiff could still redact any HIPAA-protected information or provide a privilege log listing privileged documents, and that they would discuss a protective order to cover other confidential materials. Dkt. #45 at 4-5.

For these reasons, the Court will GRANT Defendants' motion and will compel Plaintiff to produce all email, and other ESI, responsive to Defendants' RFP Nos. 1-6, 11-15, 17-38, 40-

---

[1]  The Court is disappointed to note that none of the parties acknowledge this Local Rule or the Court's model ESI Order in their briefs.  Likewise, it appears that the parties have failed to follow the Local Rule and engage in a discussion regarding the Court's ESI practices.  The Court reminds *pro hac vice* counsel that they are expected to be familiar with the Court's Local Rules.  The Court also reminds local counsel that it is their responsibility to ensure that the Court's Local Rules are followed.  The failure to follow the Court's Local Rules in the future may result in sanctions.

43, 45-47, 49-56, 58, 60, 61 and 63.    Email communications shall include not only those from Plaintiff's email address beginning in July 2009, but also from his "Abraham@earthstyles.com" address prior to that time.

## C.  Remaining RFP Responses

The Court now turns to Defendants' remaining arguments.  Defendants note that once electronic discovery is received, most of the RFP responses in dispute will be complete. However, the following additional disputes remain to be resolved.

### 1.  RFP Nos. 21-24, 35, 36, 46 and 51

With respect to Defendants' RFP Nos. 21-24, 35, 36, 46 and 51, Defendants argue that Plaintiff's responses are incomplete because he has failed to provide documents concerning contracts and agreements with the Dental Network or that Plaintiff was involved in negotiating on behalf of the Dental Network.  Dkt. #45 at 5.  Plaintiff states that he has produced all documents in his custody or control, with the exception of any electronically stored information.  Dkt. #41 at 11-12.  Based on the record before the Court at this time, the Court will compel Plaintiff to provide any ESI responsive to these requests, as discussed above, and will compel Plaintiff to provide the name and location of the records custodian for any responsive documents that he knows exist but does not believe are in his custody and control in compliance with Local Civil Rule 26(f)(1)(J).

### 2.  RFP No. 45

With respect to RFP No. 45, Defendants argue that Plaintiff has not produced documents regarding "money received by Plaintiff from the Dental Network and or the Dental Practices that are part of the Dental Network."  Dkt. #45 at 8-9.  Plaintiff states that he has produced all documents in his custody or control, with the exception of any electronically

ORDER
PAGE - 6

stored information. Dkt. #41 at 11. Based on the record before the Court at this time, the Court will compel Plaintiff to provide any ESI responsive to these requests, as discussed above, and will compel Plaintiff to provide the name and location of the records custodian for any responsive documents that he knows exist but does not believe are in his custody and control in compliance with Local Civil Rule 26(f)(1)(J).

   *3.  RFP Nos. 49 and 50*

   Finally, with respect to RFP Nos. 49 and 50, Defendants argue that Plaintiff has not produced any Committee meeting minutes, agendas, or other Committee documents. Dkt. #45 at 9. Plaintiff states that he has produced all documents in his custody or control, with the exception of any electronically stored information. Dkt. #41 at 11. Based on the record before the Court at this time, the Court will compel Plaintiff to provide any ESI responsive to these requests, as discussed above, and will compel Plaintiff to provide the name and location of the records custodian for any responsive documents that he knows exist but does not believe are in his custody and control in compliance with Local Civil Rule 26(f)(1)(J).

## IV.   CONCLUSION

   Having reviewed Defendants' Motion to Compel, the Response in opposition thereto and Reply in support thereof, along with the supporting Declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Compel (Dkt. #38) IS GRANTED IN PART as set forth above.

   DATED this 18th day of March 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7