UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRAHAM GHORBANIAN, D.D.S.,

    Plaintiff,

    v.

GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA, *et al.*,

    Defendants.

Case No. C14-1396 RSM

ORDER DENYING MOTION FOR
PROTECTIVE ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendants' Motion for Protective Order to Limit Further Inquiry During the Deposition of Dr. Haghighatpour. Dkt. #102. Specifically, Defendants seek an Order prohibiting further questions about Dr. Haghighatpour's immigration status and religion on the basis that such questions go beyond what is permitted to impeach the credibility of a non-party witness. Dkt. #105 at 1. Plaintiff opposes the motion, arguing that he does not seek to question Dr. Haghighatpour about his immigration status, but rather to question him about past inconsistent representations made to the Court, which goes to his credibility. Dkt. #104. Plaintiff further argues that Dr. Haghighatpour has made inconsistent statements about his religion, which also goes to his credibility. *Id.* Finally, Plaintiff argues that Defendants lack standing to bring this motion. *Id.* For the reasons set forth herein, the Court now DENIES Defendants' motion.

ORDER
PAGE - 1

## II. BACKGROUND

As part of discovery in this matter, the parties deposed non-party witness Dr. Mohsen Haghighatpour, a dentist who formerly practiced with Plaintiff. Dkt. #103, Ex. A. During the deposition, Plaintiff's counsel attempted to question Dr. Haghighatpour about statements he made during an immigration proceeding of his. *Id.* at 97:3-101:2. Dr. Haghighatpour responded that he did not want to answer questions without his attorney. *Id.* At the same time, Defendants' counsel, although not representing Dr. Haghighatpour, objected on the basis of relevance, and informed the witness that he was not required to answer the deposition questions. *Id.* Dr. Haghighatpour went on to state that he did not understand "technical" questions in English, and requested that he be allowed to get an attorney and an interpreter. *Id.* at 101:3-103:2. He then refused to answer questions regarding statements he had made about his religion in various legal proceedings. *Id.* at 103:7-104:25. Again, Defendants' counsel made relevance objections and informed the witness that he could have an attorney present before answering questions. *Id.* Over the course of the remainder of the deposition, Dr. Haghighatpour continued to refuse to answer questions, became very agitated, and eventually stated he was going to report Plaintiff's counsel "to the bar." Dkt. #104-1, Ex. 4 at 174:1-25. Ultimately, Plaintiff's counsel suspended the deposition so that Dr. Haghighatpour could secure counsel. *Id.* at 177:1-7. The instant motion followed.

## III. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

> the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976).

However,

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted;
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

ORDER
PAGE - 3

> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. Proc. 26(c)(1).

As an initial matter, the Court addresses Plaintiff's argument that Defendants do not have standing to bring the instant motion. *See* Dkt. #104 at 6-7. A party may move for a protective order in regard to a subpoena issued to a non-party if he or she believes his or her own interest is jeopardized by the discovery sought, and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (deeming a party's motion to quash subpoenas issued to non-parties as a motion for protective order under Rule 26(c)). In this case, Defendants do not assert that their own interests are jeopardized by the discovery sought by Plaintiff. Rather, they argue that such discovery is intended to intimidate the witness and would have a chilling effect on his testimony. Dkt. #102. Thus, Defendants have not articulated how the information sought by Plaintiff jeopardizes its own interests in this matter.

However, even if Defendants had articulated jeopardy to their own interests, the Court finds the testimony sought by Plaintiff to be relevant. Having reviewed the questions asked by Plaintiff's counsel during deposition, it is evident that Plaintiff's counsel sought to question the witness about specific statements and representations he had already made in a public hearing or legal filings that appeared to contradict each other. *See* Dkts. #103, Ex. A and #104-1, Ex. 4. For example, rather than asking the witness about his immigration status, Plaintiff's counsel asked him about statements he had made to support his asylum claim (*i.e.*, that he was a

Scientologist), which appeared to contradict statements he later made in a discrimination claim against Plaintiff (*i.e.*, that he was Muslim). *Id.* Through these questions, Plaintiff's counsel was not seeking to question the witness's legal status in this country, nor was she seeking to undermine any basis for his asylum claim based on his religious beliefs. Instead, the Court agrees with Plaintiff that counsel sought impeachment evidence going to Dr. Haghighatpour's credibility and bias as a witness in this case. These types of questions are distinguishable from those held to be intimidating or to have a chilling effect in the cases cited by Defendants. *See* Dkt. #102 at 4-5. Accordingly, for all of these reasons, the Court will deny Defendants' motion.

## IV. CONCLUSION

Having reviewed Defendants' Motion to Compel, the Response in opposition thereto and Reply in support thereof, along with the supporting Declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Protective Order (Dkt. #102) is DENIED.

DATED this 1st day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE